UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN B. MORGAN                                              PLAINTIFF

VS.                                     CIVIL ACTION NO. 4:06CV9LN

POWE TIMBER COMPANY, ET AL.                                DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff John B. Morgan to remand pursuant to 28 U.S.C. § 1447(b) on the basis that defendants' removal based on diversity jurisdiction was untimely, having been filed more than a year after commencement of this action in state court.[1] Defendants Joslyn Manufacturing Company and Danaher Corporation have responded in opposition to the motion, taking the position that the circumstances preceding their notice of removal justify application of an equitable exception to the one-year time limit on diversity removals. The court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that plaintiffs' motion to remand is well taken and should be granted.

This is the second removal of this case by defendants. Defendants first removed the case more than two years after the

---

[1] Pursuant to 28 U.S.C. § 1447(b), "[a] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

case had been commenced in 2001 by a group of approximately thirty plaintiffs, all Mississippi residents, against Joslyn Manufacturing Company and Danaher Corporation, nonresident corporations, and against resident companies Powe Timber Company and American Wood, a division of Powe, seeking to recover damages for personal injuries alleged to have resulted from their alleged exposure to toxic chemicals from handling and burning chemically treated wood chips supplied by defendants.  The wood chips allegedly supplied to and/or purchased by the plaintiffs were generated at a wood treatment facility in Richton, Mississippi, that was once owned by Joslyn, a subsidiary of Danaher, but which was sold to Powe Timber and American Wood in 1980.

More than two years after the case was filed in state court, defendants removed it on the basis of the Mississippi Supreme Court's decision in Janssen Pharmaceutica, Inc. v. Armond, 866 So. 2d 1092 (Miss. 2004), which constricted the requirements for joinder of parties and claims.  Defendants argued that the Janssen opinion constituted an "other paper" which first gave them notice of their right to remove, and they argued further the fact that Janssen created a basis for removal which did not theretofore exist was an equitable circumstances which justified excepting the case from the one-year limitation in accordance with Tedford v. Warner-Lambert Co., 327 F.3d 423, 429 (5th Cir. 2003).  The court rejected both arguments and remanded the case.  See Barnes v. Powe

2

Timber Co., Civil Action No. 4:04CV55LN (S.D. Miss. Dec. 8, 2004). Following remand, on February 24, 2005, the state court severed plaintiff's claims into an individual action.[2]

On December 8, 2005, the plaintiff herein was deposed in another case and in that deposition, testified that he was last exposed to wood chips from the Richton facility in the early 1970s. Defendants point out that in contrast to Morgan's deposition testimony, the complaint alleged that defendants' practice of disseminating wood chips to the general population "continued through 1999," thus implying exposure through 1999 (according to defendants), and a July 2002 interrogatory response from plaintiff recited that Morgan had "been exposed ever since the defendants' facilities have existed." Defendants further assert that when they tried to depose Morgan in September 2004, it was represented that Morgan was not competent to testify owing to problems with his memory, and thus his sister testified on his behalf, claiming that Morgan was exposed to the wood chips as late as 1986 or 1987. Defendants conclude from all this that "[i]f ever there were an equitable exception to the one-year limit on diversity removals, this is the case." The court, however, is

---

[2] Defendants obviously do not contend that the severance order would have entitled them to remove the case, for their notice of removal was filed nearly a year after entry of that order, and certainly not within the thirty days provided for in 28 U.S.C. § 1446(c).

unpersuaded now, as it was when this case was first removed, that an equitable exception ought excuse defendants' untimely removal.

Accordingly, it is ordered that plaintiff's motion to remand is granted.

SO ORDERED this 9th day of May, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE